

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADDAM MEYER HEPPDING, | CIVIL NO. **1:06-CV-01323** |
| Plaintiff | |
| | (Judge Kane) |
| v. | |
| | (Magistrate Judge Smyser) |
| PLYMOUTH POLICE DEPARTMENT, PLYMOUTH BORO POLICE, OFFICER JOHN VANDERLICK, and OFFICER GOREY, | |
| Defendants | |

## REPORT AND RECOMMENDATION

On July 5, 2006, the plaintiff, a prisoner proceeding *pro se,* commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff has also filed an application to proceed *in forma pauperis.* By a separate order filed this date, the plaintiff's application to proceed *in forma pauperis* has been granted.

We review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

>    (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that -
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal -
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be
> granted; or
>    (iii) seeks monetary relief against a
> defendant who is immune from such relief.

The caption of the complaint lists as the defendants: 1) the Plymouth Police Department; 2) the Plymouth Boro Police; 3) Officer John Vanderlick; and 4) Officer Gorey.

The plaintiff claims that defendants Vanderlick and Gorey used excessive force against him in arresting him. The plaintiff alleges that defendant Vanderlick placed him in handcuffs and that while he was face down on the ground defendant Vanderlick hit him repeatedly with what the plaintiff believes was a gun. He alleges that defendant Vanderlick then maced him even though he was still, silent and in handcuffs. The plaintiff alleges that he did not resist or fight back and that he followed every order given to him. He alleges that he

lay lifelessly while he was assaulted. The plaintiff alleges that defendant Gorey witnessed defendant Vanderlick's actions and that he participated by beating him on the ankles with a baton while defendant Vanderlick was hitting him on the head. The plaintiff alleges that the defendants threatened him not to pursue the matter. He alleges that he has a two-inch scar on the back of his head from the beating.

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d

Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The complaint states a Fourth Amendment excessive force claim upon which relief may be granted against defendants Vanderlick and Gorey. However, the complaint fails to state a claim against the Plymouth Police Department and the Plymouth Boro Police upon which relief may be granted.

A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). To state a claim against a municipality the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). "This rule also applies to police departments." *Couden v. Duffy,* 446 F.3d 483, 500 (3d Cir. 2006). Since the plaintiff has failed to allege that the alleged used of excessive force by defendants Vanderlick and Gorey occurred as

the result of a policy, custom, or practice of the Plymouth Police Department or the Plymouth Boro Police, the complaint fails to state a claim upon which relief can be granted against the Plymouth Police Department and the Plymouth Boro Police.

It is recommended that the Plymouth Police Department and the Plymouth Boro Police be dismissed from the action. By a separate order we have directed that the complaint be served on defendants Vanderlick and Gorey.

Based on the foregoing, it is recommended that the Plymouth Police Department and the Plymouth Boro Police be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that the case be remanded to the undersigned for further proceedings.

J. Andrew Smyser
Magistrate Judge

Dated: July 31 2006.