IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADDAM MEYER HEPPDING,  :  <br>     Plaintiff             : <br>                               : | CIVIL ACTION NO. 1:06-CV-01323 |
| v.                            : <br>                               : | (Chief Judge Kane) |
|                               : | |
| PLYMOUTH POLICE DEPARTMENT, : <br> PLYMOUTH BORO POLICE,         : <br> OFFICER JOHN VANDERLICK, and : <br> OFFICER GOREY,                : <br>     Defendants            : <br>                               : | |

## MEMORANDUM

**I.    Background**[1]

Before the Court is Plaintiff Addam Meyer Heppding's pro se complaint, filed on July 5, 2006, and alleging a cause of action under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights. (Doc. No. 1.) On July 11, 2006, Plaintiff filed a motion to appoint counsel. (Doc. No. 5.) On July 18, 2006, Plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. No. 6). On July 31, 2006, Magistrate Judge Smyser denied Plaintiff's motion to appoint counsel and granted his motion for leave to proceed in forma pauperis. (Doc. No. 10.) Also on July 31, 2006, Magistrate Judge Smyser issued a Report and Recommendation, recommending that Defendants Plymouth Police Department and Plymouth Boro Police be dismissed from the complaint. (Doc. No. 9.) Plaintiff subsequently submitted a letter to the Court on August 7, 2006.[2] (Doc. No. 11.) For the reasons discussed below, the Court will adopt Magistrate Judge

---

[1] For purposes of reviewing the Plaintiff's complaint prior to service of process, the Court accepts as true all well-pleaded allegations contained in the complaint. (Doc. No. 1.)

[2] Plaintiff's letter is a request to supplement his complaint with the following requests for relief: "$150,000 cash settlement [and] Discipline on the officers / Revoke their badges." (Doc.

Smyser's recommendation to dismiss Defendants Plymouth Police Department and Plymouth Boro Police for failure to state a claim on which relief may be granted.

The Court is required to review a plaintiff's complaint prior to service of process under 28 U.S.C. § 1915(e) when the plaintiff is proceeding in forma pauperis.  This section states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - -
>
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).

Plaintiff alleges that in the course of being arrested, Defendant Officer Vanderlick struck Plaintiff repeatedly with what Plaintiff believes was Defendant Vanderlick's gun, after already placing Plaintiff in handcuffs while he was face down on the ground.  Defendant Vanderlick then allegedly sprayed Plaintiff with mace.  He alleges that Defendant Officer Gorey was present during the assault and actively participated through striking Plaintiff on the ankles with a baton.  Plaintiff alleges that he laid lifelessly during the assault and was otherwise silent and obedient.  Plaintiff alleges that Defendants Vanderlick and Gorey threatened him not to pursue the matter.  Plaintiff also alleges that he has a two-inch scar on the back of his head as a result of the beating.

---

No. 11.)

**II.     Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety Div. of State Police, 411 F.3d 427 (3d Cir. 2005).  In Monell v. Department of Social Services of New York, the Supreme Court concluded that Congress intended § 1983 to apply to municipalities and other local government units, but that a municipality cannot be liable for the constitutional torts of its employees based on a respondeat superior theory.  436 U.S. 658, 690-91 (1978).  The Third Circuit summed up subsequent Monell jurisprudence in this way:

> [A] municipality may only be liable for the torts of its employees in one of three ways:  First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity; second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy; third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes.

McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (citations omitted).   Municipalities are thus liable under Monell only when fault and causation have been established.  Accordingly, the Supreme Court has held that a "plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."  Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 404 (1997) (emphasis in original) (quoting Monell, 436 U.S. at 694).  The Monell rule "also applies to police departments."  Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006).

In the instant case, Plaintiff has alleged that Defendants Vanderlick and Gorey violated his Fourth Amendment rights through the use of excessive force and that these two Defendants were acting under color of state law in that they were police officers in the process of arresting Plaintiff.  Accordingly, Plaintiff has successfully stated a claim against Defendants Vanderlick and Gorey.

However, Plaintiff does not allege that Defendants Plymouth Police Department or Plymouth Boro Police directly violated Plaintiff's rights or took any actions.  Defendants Vanderlick and Gorey are employees of the Plymouth Police Department, but respondeat superior liability does not apply for municipal defendants in § 1983 cases.  Monell, 436 U.S. at 690-91.  Plaintiff does not allege that the officers acted pursuant to a formal government policy or a long-accepted standard operating procedure.  He does not allege that either of the officers has policy-making authority.  Finally, he does not allege that an official with policy-making authority within the municipality has ratified the officers' behavior.  Because Plaintiff does not allege that Defendants Plymouth Police Department or Plymouth Boro Police were the deliberate "moving force" behind his injury, he has failed to state a claim against these defendants under 42 U.S.C. § 1983.  Accordingly, Plaintiff's complaint against Defendants Plymouth Police Department and Plymouth Boro Police will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's complaint will not be dismissed against Defendants Vanderlick and Gorey.

If a complaint is vulnerable to dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Amendment would not be inequitable or futile at this stage of litigation. Accordingly, the Court will grant Plaintiff twenty days to amend his complaint.

    An appropriate order shall follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ADDAM MEYER HEPPDING,** : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. 1:CV-06-01323 |
| v. : | |
| : | (Chief Judge Kane) |
| : | |
| **PLYMOUTH POLICE DEPARTMENT,** : | |
| **PLYMOUTH BORO POLICE,** : | |
| **OFFICER JOHN VANDERLICK, and** : | |
| **OFFICER GOREY,** : | |
|    Defendants : | |
| : | |

**ORDER**

**AND NOW**, this 21st day of September, 2006, for the reasons described in the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Court **ADOPTS** Magistrate Judge Smyser's Report and Recommendation (Doc. No. 9).

2. Defendants Plymouth Police Department and Plymouth Boro Police are hereby **DISMISSED** from the complaint without prejudice. Plaintiff may file an Amended Complaint within twenty (20) days of this Order.

3. The case is **REMANDED** to Magistrate Judge Smyser for further proceedings.


                                        S/ Yvette Kane
                                        Yvette Kane, Chief Judge
                                        United States District Judge